# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:10cv7

| | |
|---|---|
| NAVUS OWLE, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>THE CHEROKEE BOYS CLUB, )<br>)<br>Defendant. )<br>_____ ) | ORDER |

**THIS MATTER** is before the court on plaintiff's "Motion to Re-Substitute Defendant and Motion to Delay Ruling or for Continuance and Alternative Motion for Leave to Serve Limited Discovery" (#12).

To summarize such motion, plaintiff opposes the government's Motion to Dismiss and seeks to challenge the certification upon which such motion is based, supported by limited discovery. Rule 12(b)(1), Federal Rules of Civil Procedure, provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229

(1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). In <u>Combs v. Bakker</u>, 886 F.2d 673, 676 (4th Cir.1989)(discussing personal jursidiction), the appellate court explained that when a factual dispute arises as to whether jurisdiction exists, the court may either conduct an evidentiary hearing or defer ruling on the matter until it receives evidence on the jurisdictional issue at trial. <u>Id.</u> When a court decides the issue on the record, the court may consider "the motion papers, supporting legal memoranda, affidavits, other documents, and the relevant allegations of the complaint," and the burden is plaintiff's "to make a mere *prima facie* showing of jurisdiction to survive the jurisdictional challenge." <u>Clark v. Milam</u>, 830 F.Supp. 316, 319 (S.D.W.Va.1993) (citations omitted).

In <u>Richmond, Fredricksburg & Potomac R.R. Co. V. United States</u>, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. <u>Id</u>.; <u>Trentacosta v. Frontier Pacific Aircraft Indus.</u>, 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. <u>Trentacosta</u>, <u>supra</u>, 813 F.2d at 1559 (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. <u>Trentacosta</u>, <u>supra</u>, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a

> lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999). "The question of whether a given act falls within the scope of employment is highly fact-specific, and turns on the unique circumstances of the case at bar." Bennett v. United States, 102 F.3d 486, 489 (11th Cir.1996).

Having considered plaintiff's request for discovery and the government's response, the court will allow limited discovery on the jurisdictional issue. In what appears to be a time-saving effort, the government has provided in its responsive memorandum a forecast of answers to discovery proffered by plaintiff to the named defendant in the parallel Tribal Court action. Included among such responses are objections based on the government's understanding of the scope of discovery applicable to plaintiff's challenge to the government's certification. In this manner, it appears that the parties have attempted to tee-up the issue of what discovery should be provided without plaintiff first serving those requests in this matter and without the necessity of filing motions to compel. While applauding this attempt at efficiency, the court is concerned that this break from the requirements of first serving discovery requests (and then filing motions to compel and motions for protective orders) could lead a court into providing proscribed advisory opinions.

It is, however, proper for this court to set limits on the scope of discovery concerning a jurisdictional issue. To that end, the scope of plaintiff's challenge to the United States Attorney's certification is set forth at page one of its Objection to Certification.[1] Plaintiff contend that:

(1) there was no valid self-determination contract;

(2) there was no tribal resolution approving any such contract;

(3) such a contract would be inapplicable to the acts and omissions complained of in this action;

(4) the employees of the defendant responsible for the acts and ommissions were not employed under such contract;

(5) there was no funding of any contract for the acts and omissions complained of herein;

(6) the defendant's actions were outside the scope of any federal employment; and

(7) waiver or estoppel stand in bar to the certification based on course of conduct as to this claim or other claims involving this same defendant.

See Objection to Certification (Docket Entry # 10), at 1.

Federal courts may review a scope of employment certification issued by a United States Attorney. Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 420 (1995). Discovery will, however, be limited to the scope of the certification, resulting in the following issues:

---

[1] Counsel for plaintiff is respectfully requested to file future memoranda in a PDF readable format, which assists the court is searching and lifting pertinent portions of briefs.

(1) Was there a valid self-determination contract? and

(2) Was the named defendant (by and through its agents and employees) acting within the scope of the self-determination contract when plaintiff's claims arose?

A number of the issues raised in plaintiff's objections may well be relevant to such issues. As summarized by Court of Appeals for the Eleventh Circuit, "[f]or a self-determination contract to be valid, it must be made 'upon request by any Indian tribe by tribal resolution,' and must be authorized by ' an Indian tribe.' 25 U.S.C. §§ 450f(a)(1), 450f(a)(2)." Seneca v. United South and Eastern Tribes, 318 Fed.Appx. 741, 744 (11th Cir. 2008). Thus, plaintiff's discovery on the issues of waiver and estoppel appear to well outside the scope of discovery on these issues, especially since the sovereign immunity of the United States cannot be waived except by act of Congress. Constantine v. The Rectors and Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005). While the issue is not squarely before the court at this time, the court cannot see how the purchase of liability insurance by a contractor would bear on the certification, as no one can waive the immunity of the United States. Id.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Re-Substitute Defendant is **HELD IN ABEYANCE**, Motion to Delay Ruling or for Continuance is **ALLOWED**, and Alternative Motion for Leave to Serve Limited Discovery (#12) is **GRANTED** as follows:

(1) plaintiff shall propound any discovery requests within 14 days, limited to the issues identified in this Order;

(2) the government shall serve its responses and/or objections within 30 days of receipt of such discovery requests;

(3) any motion to compel production or answers shall be filed within 14 days of receipt of such discovery responses;

(4) plaintiff shall file its response to the Motion to Dismiss within 14 days of receipt of such discovery responses; and

(5) the government shall file its Reply within seven days of plaintiff's filing of her Response to the Motion to Dismiss.

Signed: April 2, 2010

Dennis L. Howell
United States Magistrate Judge